UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SEAN P. REILLY,
    Petitioner,

v.                                  Case No.: 4:20cv145/TKW/EMT

MARK S. INCH,
    Respondent.
_____/

# REPORT AND RECOMMENDATION

This matter is before the court on Petitioner Sean P. Reilly's (Reilly) petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). Respondent (the State) moved to dismiss the petition as an unauthorized successive petition (ECF No. 8). Reilly filed a response in opposition to the motion to dismiss (ECF No. 13). The court directed the State to reply to Reilly's argument (*see* ECF No. 14). The State filed a reply, arguing an alternative jurisdictional basis for dismissal (ECF No. 17). The court directed Reilly to respond to the State's additional argument (*see* ECF No. 18). Reilly has now filed his response (ECF No. 19).

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district judge regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B)–(C). After careful

consideration of the filings and attachments presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, and that Reilly's § 2254 petition should be dismissed.

I.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Reilly challenges a judgment rendered on September 22, 2009, in the Circuit Court in and for Leon County, Florida, Case No. 2008-CF-4221 (2009 Original Judgment) (ECF No. 1 at 1; ECF No. 13 at 1). The state court entered the 2009 Original Judgment after a jury found Reilly guilty of two counts of criminal use of personal identification information (Counts 1 and 5) (*see* 2009 Original Judgment, ECF No. 17-1 at 4–12). The court withheld adjudication of guilt (*id.*). As to Count 1, the state court sentenced Reilly to a "split" sentence of 11 months and 29 days in jail, with pre-sentence credit of 226 days, followed by two years of community control and then followed by two years of probation (*id.*). As to Count 5, the court sentenced Reilly to a "split" sentence of two years of community control followed by two years of probation, to run consecutively to the incarcerative portion of the sentence on Count 1 but concurrently with the supervisory portions of the sentence on Count 1 (the community control and probation portions) (*id.*).

According to the record in another of Reilly's federal habeas cases, Case No. 4:18cv253/WS/GRJ, on March 4, 2010, a jury found Reilly guilty of tampering with

a witness in Leon County Circuit Court Case No. 2008-CF-781(*see* ECF No. 12-13 at 3–9 in Case No. 4:18cv253/WS/GRJ).  On March 12, 2010, the court sentenced Reilly, in Case No. 2008-CF-781, to a "split" sentence of ten months in jail, with credit for 107 days, followed by two years of community control and another two years of probation (*see* ECF No. 12-1 at 3–9 in Case No. 4:18cv253/WS/GRJ).  The court ordered the incarcerative portion of the sentence to run consecutively to the jail sentence in Case No. 2008-CF-4221, and the court ordered the supervisory portions of the sentence to run concurrently with the supervisory portions of the sentences in Case No. 2008-CF-4221 (*see id.*).

On September 10, 2010, while Reilly was serving the supervisory portions of his sentences in Case Nos. 2008-CF-4221 and 2008-CF-781, the Florida Department of Corrections (the supervising agency) filed a violation report charging Reilly with twelve counts of violating his supervision (*see* ECF No. 17-1 at 14–55).  On December 6, 2010, the state court found Reilly guilty of violating the conditions of his supervision in both cases, and revoked his supervision (*see* ECF No. 17-1 at 57–66; *see also* ECF No. 12-1 at 18–25 in Case No. 4:18cv253/WS/GRJ).[1]  In Case No. 2008-CF-4221, the court sentenced Reilly on Count 1 to sixty months of

---

[1] The transcript of this hearing is part of the record in Case No. 4:18cv225/MW/CAS (*see* ECF No. 26-11 at 34–95 in that case)—another habeas case initiated by Reilly in this district.

Case No.:  4:20cv145/TKWEMT

imprisonment, with pre-sentence credit of 471 days (2010 VOP Judgment) (*see* ECF No. 17-1 at 57–66). On Count 5, the court sentenced Reilly to a "split" sentence of two years of community control followed by two years of probation, to run consecutively to the prison sentence on Count 1 (*id.*). In Case No. 2008-CF-781, the court sentenced Reilly to four years in prison, to run concurrently with the sentence in Case No. 2008-CF-4221 (*see* ECF No. 12-1 at 18–25 in Case No. 4:18cv253/WS/GRJ). The judgments (the 2010 VOP Judgment in Case No. 2008-CF-4221 and the judgment in Case No. 2008-CF-781) rendered on the date the court imposed the sentences (*see* ECF No. 17-1 at 57–66).[2]

According to the record in Case No. 4:18cv225/MW/CAS, on December 6, 2013, the State filed an "Emergency Motion to Revoke Probation and Order Defendant's Arrest and Hold Without Bond" (*see* ECF No. 26-15 at 73–74 in Case No. 4:18cv225/MW/CAS). At that time, Reilly's sentence in Case No. 2008-CF-781 had expired, and he was serving his supervisory sentence imposed by the 2010 VOP Judgment in Case No. 2008-CF-4221 (*see id.*). Reilly was charged with a new law violation of aggravated stalking in Leon County Circuit Court Case No. 2014-

---

[2] Reilly challenged the judgment in Case No. 2008-CF-781 in a § 2254 petition filed in *Reilly v. State of Florida*, Case No. 4:18cv253/WS/GRJ, Petition, ECF No. 1 (N.D. Fla. May 23, 2018). The court dismissed the petition for lack of jurisdiction, because Reilly did not satisfy the "in custody" requirement for challenging that judgment. *See id.*, Order (N.D. Fla. Mar. 21, 2019).

CF-17 and violating his supervision in Case No. 2008-CF-4221 (*see* ECF No. 26-15 at 83–85 in Case No. 4:18cv225/MW/CAS).  Following a combined nonjury trial on the new charge in Case No. 2014-CF-17 and VOP hearing in Case No. 2008-CF-4221, on April 6, 2015, the state court found Reilly guilty of aggravated stalking in Case No. 2014-CF-17 and guilty of violating his supervision in Case No. 2008-CF-4221 (imposed by the 2010 VOP Judgment) (*see* ECF No. 26-15 at 91–92 in Case No. 4:18cv225/MW/CAS).  On June 18, 2015, the court sentenced Reilly to five years in prison in Case No. 2014-CF-17 (*see* ECF No. 26-15 at 110–66 in Case No. 4:18cv225/MW/CAS).  The court sentenced Reilly on the VOP in Case No. 2008-CF-4221 to five years in prison, with pre-sentence credit of 786 days, to run consecutively to the sentence imposed in Case No. 2014-CF-17 (2015 Second VOP Judgment) (*see* ECF No. 26-15 at 93–101, 110–66 in Case No. 4:18cv225/MW/CAS).

The parties do not dispute that on April 27, 2018, Reilly filed a § 2254 petition in this court, Case No. 4:18cv225/MW/CAS (*see* ECF No. 8 at 1–2; ECF No. 13 at 1).  *See Reilly v. Inch*, Case No. 4:18cv255/MW/CAS, Petition, ECF No. 1 (N.D. Fla. May 1, 2018).  Reilly subsequently filed an amended petition in that case.  *See id.*, Amended Petition, ECF No. 22 (N.D. Fla. Feb. 21, 2019).  In both the initial and amended petitions, Reilly identified the 2010 VOP Judgment as the judgment he was

challenging, and all of his claims related to the 2010 VOP Judgment. This district court denied Reilly's § 2254 petition on the merits in an order rendered on December 16, 2019. *See id.*, Order Accepting Report and Recommendation, ECF No. 44 (N.D. Fla. Dec. 16, 2019).

Reilly commenced the instant § 2254 case on March 9, 2020, while he was still serving his five-year sentence in Case No. 2014-CF-17 and before he began serving his 2015 Second VOP sentence in Case No. 2008-CF-4221 (*see* ECF No. 1). In his § 2254 petition, Reilly identifies the 2009 Original Judgment as the judgment of conviction he is challenging (*see id.* at 1). All of the claims presented in the habeas petition challenge the 2009 Judgment (*see id.* at 3–13).

II. DISCUSSION

The State contends the court lacks jurisdiction to consider Reilly's § 2254 petition on two alternative grounds. First, Reilly's petition is a "second or successive" application which is subject to dismissal under § 2244(b) (*see* ECF No. 8). Second, Reilly was not "in custody" pursuant to the 2009 Original Judgment when he filed this habeas case (*see* ECF No. 17).

A. "Second or Successive" Analysis

The State contends Reilly previously challenged the Leon County judgment in Case No. 2008-CF-4221 in his first § 2254 action, Case No. 4:18cv225/MW/CAS

(*see* ECF No. 8). Therefore, the instant § 2254 petition is second or successive (*see id.*).

Reilly contends two separate judgments were entered in Leon County Case No. 2008-CF-4221, the 2009 Original Judgment and the 2010 VOP Judgment, each of which followed a separate trial (*see* ECF No. 13). Reilly contends he challenged *only* the 2010 VOP Judgment in his first § 2254 action, and he is challenging *only* the 2009 Original Judgment in the instant habeas case (*see id.*). Reilly further asserts he *could not* challenge both the 2009 Original Judgment and the 2010 VOP Judgment in one habeas action, because Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts (Federal Habeas Rules) prohibits challenges to judgments from more than one state court in the same § 2254 petition (*id*. at 3). Reilly contends because his first § 2254 petition attacked a separate judgment than the instant § 2254 petition, the instant petition is not "second or successive" for purposes of section 22544(b) (*see id.*). Reilly cites *Harris v. Wainwright*, 470 F.2d 190 (5th Cir. 1972) in support of his argument.[3]

Section 2244 provides, in relevant part:

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

Case No.: 4:20cv145/TKWEMT

**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**

28 U.S.C. § 2244 (emphasis added); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C.

§ 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file it); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

The phrase "second or successive," however, does not simply refer to all habeas petitions filed second or successively in time. *See Magwood v. Patterson*, 561 U.S. 320 (2010). Instead, "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id.* at 2797. Where an intervening judgment comes in between the filing of two habeas petitions, the "application challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 2802. "[T]he existence of a new judgment is dispositive." *Id.* at 2800. "[W]hen a habeas petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014)

Here, Reilly is not challenging a new, intervening judgment which rendered *after* he filed his first habeas petition in 2018, Case No. 4:18cv225/MW/CAS. Both the 2009 Original Judgment and the 2010 VOP Judgment rendered *before* he filed his 2018 habeas petition challenging the 2010 VOP Judgment; indeed, even the 2015

Second VOP Judgment had rendered by the time Reilly filed his first section 2254 petition. Further, all of the alleged defects in the 2009 proceedings were available to Reilly when he filed his 2018 federal petition; therefore, he could have, indeed should have, asserted challenges to any or all of the judgments (i.e., the 2009 Original Judgment, 2010 VOP Judgment, and 2015 Second VOP Judgment) in his 2018 federal petition. *Cf. Stewart v. United States*, 646 F.3d 856, 863–65 (11th Cir. 2011) (holding that there is "a small subset of unavailable claims that must not be categorized as successive," including instances where "the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous [federal] petition . . . ." (internal quotation marks and citation omitted)).

Additionally, Reilly's contention that the Federal Habeas Rules prohibited him from challenging both the 2009 Original Judgment and the 2010 VOP Judgment in his first § 2254 is without merit. Rule 2(e) of the Federal Habeas Rules provides, "A petitioner who seeks relief from judgments of *more than one state court* must file a separate petition covering the judgment or judgments of each court." Fed. Habeas Rule 2(e) (emphasis added). Here, the 2009 Original Judgment, the 2010 VOP Judgment, and even the 2015 Second VOP Judgment were not only rendered by the same state court, i.e., the Leon County Circuit Court, they were rendered in the same state court case. Therefore, Reilly could have challenged any or all of those

judgments in his first § 2254 case.  *See, e.g., Stallworth v. McDonough*, No. 3:05cv427/RV/MD, 2007 WL 1789253 (N.D. Fla. June 19, 2007) (adjudicating merits of § 2254 petition which challenged judgments of same state court rendered in separate state criminal cases) (cited as persuasive authority); *Yeager v. Crosby*, No. 6:03CV10460RL-18JGG, 2006 WL 1641914 (M.D. Fla. June 8, 2006) (same).

Finally, Reilly's reliance upon *Harris* is misplaced.  *Harris* was decided *before* the effective date of the AEDPA and its limitations on filing second or successive habeas corpus petitions.  No court has applied *Harris* in the post-AEDPA context, and it should not be applied in this case.

**B.     "In Custody" Analysis**

The State presents an alternative jurisdictional basis for dismissal, i.e., that Reilly was not "in custody" pursuant to the 2009 Judgment when he filed the instant § 2254 petition (*see* ECF No. 17).  The State notes that Reilly concedes the instant petition "challenges a completely different judgment and sentence" than the one challenged in his first habeas case, Case No. 4:18cv225/MW/CAS (*id.* at 2).  The State argues that as a result of the new 2010 VOP judgment and sentence, Reilly was not "in custody" under the 2009 Judgment and sentence when he filed the instant § 2254 petition (*id.* at 3–4).  Therefore, the court lacks jurisdiction over the claims asserted in the instant petition (*id.* at 4).  The State cites *Maleng v. Cook*, 490 U.S.

488, 490–92 (1989), *Diaz v. State of Fla. Fourth Judicial Cir. ex rel. Duval Cnty.*, 683 F.3d 1261, 1264 (11th Cir. 2012), and unpublished Eleventh Circuit cases in support of its position (*id.* at 3–4).

Reilly responded to the State's "in custody" argument, contending he is in custody under both the 2009 Original Judgment and the 2010 VOP Judgment (ECF No. 19 at 3–5). Reilly further contends Respondent's argument fails to acknowledge that he is actively serving the 2015 Second VOP Judgment imposed on June 18, 2015 (*id.*). Reilly attached a copy of his FDOC Inmate Population Information Detail, which states he is currently serving the 2015 Second VOP Judgment in Case No. 2008-CF-4421 and the Judgment in Case No. 2014-CF017, both of which were imposed on June 18, 2015 (*see id.* at 8). In support of Reilly's argument, he cites two Supreme Court cases, *Maleng* and *Garlotte v. Fordice*, 515 U.S. 39 (1995) (*id.*). Reilly also relies upon law of the Third Circuit, holding that, under Pennsylvania law and federal law, a VOP is not considered a separate offense but an element of the original sentence (*id.*). Reilly argues that because he is serving the sentence imposed by the 2015 Second VOP Judgment, he may challenge the 2009 Original Judgment (*id.*).

To bring a habeas petition, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3),

which the Supreme Court has interpreted as requiring the petitioner to be "in custody" under the conviction or sentence he seeks to attack at the time that he files his petition. *Maleng*, 490 U.S. at 490–91. This "in custody" requirement is jurisdictional. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490–91.

In *Maleng*, the petitioner filed a § 2254 petition listing as the "conviction under attack" a 1958 state conviction for which he had already served the entirety of his sentence. 490 U.S. at 489–490. Maleng also alleged that the 1958 conviction had been "used illegally to enhance his 1978 state sentences" which he had not yet begun to serve because he was at that time in federal custody on an unrelated matter. *Id.* The Supreme Court determined that the petitioner was "in custody" on his 1978 sentences because the State had lodged a detainer against him with the federal authorities. *Id.* at 493. The Court further held that the petitioner was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence. *Id.* at 492. The Court acknowledged, however, that because his § 2254 petition "[could] be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction," the petitioner

satisfied the "in custody" requirement for federal habeas jurisdiction." *Id.* at 493–494.

In *Maleng*, the Court explicitly left unanswered the following question: "the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance." 490 U.S. at 494. The Court subsequently answered that question in *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001). In *Lackawanna*, the Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. at 403–04 (citation omitted). The Court recognized an exception to this rule for cases in which the prior conviction (used to enhance the present sentence) was obtained without the benefit of counsel, in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Lackawanna*, 532 U.S. at 404.[4]

---

[4] Justice O'Connor also recognized that a possible exception might exist when a state court has, without justification, refused to rule on a properly presented constitutional claim or when the defendant has obtained compelling evidence of innocence after the time for direct or collateral review has passed. *Lackawanna*, 532 U.S. at 405. She noted that in such situations, a habeas petition directed at the enhanced sentence may be the first, and only, forum available for review

Case No.:  4:20cv145/TKWEMT

In *Garlotte*, the other Supreme Court case cited by Reilly, the Supreme Court held that a state prisoner incarcerated under consecutive state-court sentences may apply for federal habeas relief from the conviction and sentence that ran first in the consecutive series, even though he already served that sentence and was serving the next in the series. 515 U.S. at 41. The Court described its decision in *Garlotte* as the "complement" of *Peyton v. Rowe*, 391 U.S. 54 (1968) or "*Peyton* in reverse." 515 U.S. at 41. In *Peyton*, the Court held that a prisoner incarcerated under consecutive state-court sentences may apply for federal habeas relief from the sentence he had not yet begun to serve. 391 U.S. at 64–65.

When Reilly filed the instant habeas case, on March 9, 2020, he was serving his five-year sentence in Case No. 2014-CF-17 and had not yet begun to serve his consecutive five-year sentence on the 2015 Second VOP sentence in Case No. 2008-CF-4221. Reilly's § 2254 petition does not challenge either of those judgments, instead, his petition and claims challenge the 2009 Original Judgment (*see* ECF No. 1). Even if the court construed Reilly's § 2254 petition as challenging the 2015 Second VOP Judgment, Reilly may not collaterally attack the prior conviction and expired sentence from the 2009 Original Judgment unless he alleged he did not have

---

of the prior conviction. Justice O'Connor, however, wrote only for a plurality with respect to her discussion of these latter two exceptions, neither of which is applicable here.

counsel in the 2009 proceeding. *See Lackawanna*, 532 U.S. at 404. Reilly does not allege, nor can he demonstrate, he did not have counsel in the original 2009 case—in fact, Reilly admits he had counsel during that proceeding and argues, in all five of the claims presented in his § 2254 petition, that his counsel was ineffective during the 2009 proceedings (*see* ECF No. 1). Because Reilly cannot establish that he was convicted without counsel in the proceeding which culminated in the 2009 Original Judgment, he is precluded from challenging that conviction in the instant case. *Hubbard v. Haley*, 317 F.3d 1245, 1256 n.20 (11th Cir. 2003) (noting that the exception recognized in *Lackawanna* was not implicated where the petitioner was represented by counsel at trial); *see also, e.g., Jackson v. Sec'y for Dep't of Corr.*, 206 F. App'x 934, 937 (11th Cir. 2006) (holding that petitioner could not challenge expired conviction because he failed to show a "*Gideon*–type" violation).

III. CONCLUSION

It appears that Reilly's § 2254 petition is an unauthorized second or successive petition. Additionally, *Lackawanna* precludes the court from reviewing the claims presented in Reilly's § 2254 petition. Therefore, his petition should be dismissed.

IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, — U.S.—, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that

party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The federal habeas petition (ECF No. 1) be **DISMISSED**.

2. A certificate of appealability be **DENIED**.

3. The clerk of court enter judgment accordingly and close this case.

At Pensacola, Florida, this 2nd day of February 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**